CARMEN NADAL DE DEL MORAL, Plaintiff and Appellant, v. HEIRS OF RAMÓN EMILIO BEAUCHAMPS, Defendants and Appellees.

No. 4327. Argued February 14, 1929.—Decided March 12, 1929.

*José Sabater* for the appellant. *Benet & Soufront* for the appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Ricardo A. Gómez was the owner of the Carmen plantation in the ward of Anones of the municipal district of Las Marías. There were two mortgages on the property—one in favor of the Union Central Life Insurance Co. for $13,390.25 and another in favor of Carmen Nadal for $2,500 of which, on the date of the complaint, the mortgagor had paid one of the eight annual instalments of $300 each, leaving a balance of $2,200 due on the mortgage which had been created by a public deed of September 10, 1919.

On August 9, 1921, Ricardo A. Gómez sold by public deed to Ramón E. Beauchamps the said Carmen plantation for $15,958.09, of which he paid $367.84 and retained the balance with which to pay the said mortgages.

Ramón E. Beauchamps died on May 13, 1925, and on May 29, 1925, the District Court of Mayagüez designated his children Eurico Ramón, Alice María, Josefa Antonia, Julio

Tomás and Homero Darío Beauchamps y Beauchamps and his widow Isabel Antonia Beauchamps as his intestate heirs.

When the instalments of the mortgage in favor of Carmen Nadal corresponding to the years 1921, 1922, 1923, 1924 and 1925 matured and were not paid in whole or in part the mortgagee brought an action in the District Court of Mayagüez to recover the principal and interest due from the defendants, the widow and children of Ramón E. Beauchamps. The complaint is dated October 31, 1925.

In the answer the defendants admit the facts averred in the complaint; but Josefa Antonia Beauchamps and Eurico Ramón Beauchamps allege as special defense that they renounced expressly and judicially the inheritance from their father, Ramón E. Beauchamps, and pray to be exempted from the effects of whatever judgment may be rendered in the action.

It was proved at the trial that on November 10, 1925, said defendants Josefa Antonia and Eurico Beauchamps had appeared in the proceeding for designation of heirs of their father, Ramón E. Beauchamps, and repudiated the inheritance.

The District Court of Mayagüez gave judgment against defendants Alice María, Julio Tomás, Homero Darío and Isabel Antonia Beauchamps for the sum claimed by the plaintiff and dismissed the complaint as regards Eurico Ramón and Josefa Beauchamps y Beauchamps, imposing the costs of the latter defendants on the plaintiff.

The present appeal was taken from that judgment.

The first assignment of error reads as follows:

"1. The court erred in dismissing the complaint as against Josefa Antonia and Eurico Ramón Beauchamps and holding that they are exempt from liability because they renounced the inheritance from their ancestor."

We have read the argument adduced by the appellant in support of this assignment of error and differ radically from her manner of viewing the problem. As the appellant knows,

the Civil Code has fixed no time for the repudiation of the inheritance, except where the creditors move the court to fix a period in which the heirs must say whether they accept or renounce the inheritance. Neither that nor any presumed acceptance appears here. The heirs were within their rights in renouncing the inheritance when they did. (See sections 955, 965, 966, 967, 968, 969, 970, 971 of the Civil Code of Porto Rico.) The renunciation on the part of the said heirs was well made in law and produces, among others, the effect given to it by the court in the judgment appealed from. The cited case of *Escalona* v. *Heirs of Castro*, 17 P.R.R. 744, supports the theory on which the judgment appealed from is based.

The second assignment refers to the imposition of the costs upon the plaintiff.

If we take notice of the fact that the complaint was filed on October 31, 1925, and that defendants Eurico Ramón and Josefa Antonia Beauchamps renounced the paternal inheritance on November 10, 1925, we must entertain doubts about the temerity of the plaintiff, especially when she has based her complaint on true and positive facts and has prayed for the performance of a real obligation. If the situation of two of the defendants varied, it occurred after the complaint was filed and on the initiative of the defendants themselves. The imposition of costs is not justified. The error is properly assigned.

The judgment must be modified in the sense of reversing the pronouncement on costs and otherwise affirmed.